IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERNON ADDISON                      :

                                    :

    v.                              :   Civil Action No. DKC 13-0846

                                    :

DEPARTMENT OF THE NAVY
Bureau of Medicine and Surgery,     :
Office of Counsel

                                    :

**MEMORANDUM OPINION AND ORDER**

On March 20, 2015, the court issued a memorandum opinion and order granting Defendant's motion to dismiss or, in the alternative, for summary judgment and entered judgment in favor of Defendant and against Plaintiff on claims of race and gender discrimination and retaliation under Title VII.  (ECF Nos. 26 & 27).  On April 6, 2015, Plaintiff filed a document labeled as a "request [for] reconsideration and vacate judgment."  (ECF No. 28).  The sum total of Plaintiff's request reads: "[t]he letter sending request for vacate of case from Dept. of the Navy was never sent to Vernon Addison, therefore no response due to communication, and therefore request reconsideration and vacate judgment, to be able to respond and proper service to Vernon Addison, POB 358, Funkstown, MD  21734."

Plaintiff's submission is wholly unclear.  He asserts that "[t]he letter sending request [to] vacate [the] case from

[Defendant]" was never sent to him. Plaintiff opposed Defendant's motion to dismiss or for summary judgment, however, thus any argument that he did not receive this filing is disingenuous. Insofar as Plaintiff seeks reconsideration of the March 20th memorandum opinion, he does not provide any basis for reconsideration. A motion for reconsideration filed within 28 days of the underlying order, such as here, is governed by Fed.R.Civ.P. 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (*citing Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (*quoting* 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). Plaintiff has not addressed any of the grounds for reconsideration under Rule 59(e).

Accordingly, it is this 13th day of April, 2015, by the United States District Court for the District of Maryland, ORDERED that:

1.   The motion for reconsideration filed by Plaintiff (ECF No. 28) BE, and the same hereby IS, DENIED; and

2.   The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to *pro se* Plaintiff and counsel for Defendant.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge